UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-81370-cv-MIDDLEBROOKS/Brannon

ANDREW HODGES, individually,
VLADIMIR COOD, individually;
GAUTAM DESAI, individually;
JODY POWELL, individually;
JEFFREY HEBERLING, individually; and
SHAMMI NABUKUMAR, individually;
and on behalf of All Others Similarly Situated;

Plaintiffs,

v.

MONKEY CAPITAL, LLC, a Delaware limited liability company;
MONKEY CAPITAL, INC., a foreign corporation;
and DANIEL HARRISON, an individual;

Defendants.
_____/

## ORDER DENYING MOTION FOR ALTERNATIVE SERVICE

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Leave to Serve Process Electronically, filed on January 17, 2018 (DE 21). Plaintiffs commenced this action against Defendants on behalf of themselves and a class of similarly situated investors (DE 1). Defendant Monkey Capital, Inc. is a foreign corporation purportedly based in Singapore, and Daniel Harrison is an individual who purportedly resides in Singapore and the United Kingdom (hereafter the Foreign Defendants).

According to Plaintiffs' motion, Plaintiffs' contributed more than $5 million worth of cryptocurrency in advance of a scheduled Initial Coin Offering (ICO) and supposed launch of a private cryptocurrency exchange and decentralized hedge fund (the "Monkey Capital Market"). Plaintiffs state that the ICO never occurred, the status of the development of the Monkey Capital Market is unknown, and that Defendants unlawfully pocketed investor money.

1

Plaintiffs' Motion seeks leave to permit service of the Foreign Defendants through alternative methods, including email and social media accounts. Federal Rule of Civil Procedure 4(f) provides that "[u]nless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States . . . by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Federal courts have permitted a variety of alternative service methods, including service by email and via social media channels, under some circumstances.

In determining whether to exercise my broad discretion to permit electronic service in the manner proposed by Plaintiffs, constitutional due process concerns require that I evaluate whether the proposed method of service "is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *TracFone Wireless, Inc. v. Hernandez*, 126 F. Supp. 3d 1357, 1364 (S.D. Fla. 2015) (internal quotations and citations omitted). Here, Plaintiffs propose to serve the Foreign Defendants via certain email addresses and various social media accounts, however the motion fails to include sufficient information or evidence to enable this Court to determine whether the proposed means of alternative service will be effective. *See Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 262 (S.D. Ohio 2013) (finding service of process by email to comport with due process requirements when plaintiffs demonstrated that defendants' email addresses were valid).

Accordingly, it is **ORDERED and ADJUDGED** that:

1. The Plaintiffs' Motion for Leave to Serve Process Electronically (DE 9) is DENIED WITHOUT PREJUDICE.

2. Any renewed motion must include a detailed factual basis, with supporting exhibits and/or affidavits if necessary, to establish that any proposed email addresses and social media accounts alleged to be linked to the Foreign Defendants are valid and operational,

and that notice of the pendency of this action via the proposed means is apt to be received by the Foreign Defendants, so as to give them an opportunity to answer these allegations.

**DONE AND ORDERED** in Chambers, in West Palm Beach, Florida this ___ day of February, 2018.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record