UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 9:17-cv-81370-DMM**

ANDREW HODGES, individually,
VLADIMIR COOD, individually;
GAUTAM DESAI, individually;
JODY POWELL, individually;
JEFFREY HEBERLING, individually; and
SHAMMI NABUKUMAR, individually;
and on behalf of All Others Similarly Situated

      Plaintiffs,

v.

MONKEY CAPITAL, LLC, a Delaware limited
liability company; MONKEY CAPITAL, INC.,
a foreign corporation; and DANIEL
HARRISON, an individual,

      Defendants.
_____/

**NOTICE OF INABILITY TO COMPLY WIH THE REQUIREMENT OF FILING A
CONFERENCE REPORT AND JOINT PROPOSED SCHEDULING ORDER**

  Jerry R. Linscott, Julie Singer Brady and the law firm of Baker & Hostetler LLP ("Baker"), hereby file this Notice of inability to comply with requirement of the Order Setting Trial Date and Scheduling Conference (the "Order") [D.E. 13] that the Parties must file a Conference Report and Joint Proposed Scheduling Order (the "Conference Report") in accordance with Local Rule 16.1(b) for the reasons set forth below:

  1. On January 24, 2018, the undersigned filed a Notice of Appearance (the "Notice") [D.E. 11] on behalf of Monkey Capital, LLC ("Monkey LLC"), one of the three defendants in this action. Prior to the filing of the Notice, the individual defendant in this proceeding, Daniel

Harrison ("Harrison"), on behalf of himself, Monkey LLC and Monkey Capital, Inc. ("Monkey Inc.") had contacted Douglas Greene, a partner in Baker's Seattle, Washington office and engaged Baker to represent all three defendants in this action.  In connection with the retention of Baker to defend this action, Mr. Harrison agreed to Baker's terms of engagement for defend this action, Mr. Harrison agreed to Baker's terms of engagement for defense of this action.

2. On January 5, 2018, an affidavit of service on Monkey LLC was filed showing that Monkey LLC had been served with a summons in this proceeding on December 21, 2017. Pursuant to the requirements of Rule 12(a)(1)(A)(i), Fed. R. Civ. Pro., Monkey LLC was required to file an answer to the complaint on or before January 11, 2018.  After January 11, 2018, Rule 55(a) and (b)(1), Fed. R. Civ. Pro., would have permitted a clerk's default to be entered against Monkey LLC.  The Notice was filed on January 24, 2018 to prevent the possibility of a Clerk's default being entered against Monkey LLC.

3. Shortly after January 24, 2018, Mr. Harrison, who, on information and belief, controlled both Monkey LLC and Monkey Inc., failed to comply with the terms of engagement by failing to communicate with Baker in a manner that would allow Baker to proceed with responding to the Complaint, including filing a motion for an extension of time to respond to the Complaint on terms reached with Plaintiffs' Counsel.  Monkey LLC also failed to fulfill the terms of engagement with Baker resulting in irreconcilable differences between Baker and the defendants.  It was those irreconcilable differences that resulted in Baker filing a Motion to Withdraw from representation of Monkey LLC on February 6. 2018 [D.E. 15].

4. The Order requires that the Conference Report be filed by 1:15 PM on February 22, 2018.  However, in the absence of the ability to communicate with the defendants, including

Monkey LLC, the undersigned do not have the information or authority to provide the disclosures required to be contained in the Conference Report pursuant to Rule 26(a)(3).

5.  While Mr. Harrison has not communicated with the undersigned since prior to the filing of the Motion to Withdraw on February 6, Mr. Harrison apparently has been communicating with counsel for the plaintiffs as evidenced by the Declaration of David Silver (the "Declaration") filed on February 16, 2018 [D.E. 17]. Exhibit C [D.E. 17-3] to the Declaration is an email from Mr. Harrison to Mr. Silver in which Mr. Harrison advises Mr. Silver that, while he had initially retained Baker to defend this litigation but that he was now "in the process of appointing a major law firm with a trans-atlantic office presence that caters to clients like me." Mr. Silver responded to Mr. Harrison's email (Ex. D [D.E. 17-4) to the Declaration) in which Mr. Silver indicated he would allow sixty days from January 26, 2018 to respond to the complaint. Mr. Silver also stated in his email to Mr. Harrison that he "will agree to withdraw the default"[1] if Mr. Harrison would sign and return the waivers of service that were attached to his email. Mr. Harrison did sign and return those waivers to Mr. Silver as is evidenced by the waivers of service by Mr. Harrison and Monkey Inc. that were filed in this action on February 19, 2018 (D.E. 18 and D.E. 19].

Respectfully submitted this 21st day of February, 2018

/s/ Jerry R. Linscott
Jerry R. Linscott, Esquire
Florida Bar No. 148009
E-mail: jlinscott@bakerlaw.com
Secondary e-mail: mrios@bakerlaw.com
Julie Singer Brady, Esquire
Florida Bar No. 0389315
E-mail: jsingerbrady@bakerlaw.com
Secondary e-mail: orlbakerdocket@bakerlaw.com
**BAKER & HOSTETLER LLP**

---

[1] Presumably Mr. Silver was indicating that he would withdraw the Motion for Default [D.E. 14] as no default against any of the defendants has been entered on the docket.

        2300 SunTrust Center
        200 South Orange Avenue
        Post Office Box 112
        Orlando, Florida 32802
        Telephone: (407) 649-4000
        Telecopier: (407) 841-0168

        -and-

        Douglas W. Greene
        (*Pro Hac Motion to Be Filed*)
        BAKER & HOSTETLER LLP
        999 Third Avenue, Suite 3600
        Seattle, WA 98104-4040
        Telephone: 206-332-1380
        Email: dgreene@bakerlaw.com
        *Attorneys for Defendant Monkey Capital, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 21, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

        /s/ Jerry R. Linscott
        Jerry R. Linscott

612070250.1