UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-81370-CV-MIDDLEBROOKS

ANDREW HODGES, an individual;
VLADIMIR COOD, an individual;
GAUTAM DESAI, an individual;
JODY POWELL, an individual;
JEFFREY HEBERLING, an individual;
SHAMMI NABUKUMAR, an individual; and
ANTHONY SAJEWICZ, an individual;

    Plaintiffs,

v.

MONKEY CAPITAL, LLC, a Delaware limited liability company;
MONKEY CAPITAL, INC., a foreign corporation;
and DANIEL HARRISON, an individual;

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS

THIS CAUSE is before the Court on Defendant Daniel Harrison's *pro se* Motion to Dismiss the Amended Complaint (DE 42), filed July 13, 2018. Plaintiff filed a response on July 27, 2018 (DE 43). Defendant's motion is denied for the reason set forth below:

Plaintiffs commenced this action against Defendant Harrison and two companies owned and controlled by him. Plaintiffs allege that they contributed cryptocurrency worth millions of dollars in advance of a scheduled Initial Coin Offering (ICO) and supposed launch of a private cryptocurrency exchange and decentralized hedge fund (the "Monkey Capital Market"). Plaintiffs state that the ICO never occurred, the status of the development of the Monkey Capital Market is unknown, and that Defendants unlawfully pocketed investor money. The Amended Complaint includes claims against Defendant Harrison for (1) offering or selling unregistered securities, in violation of Section 12(a)(1) [15 U.S.C. §§77*l*(a)(1)] (Count I), (2) control person

liability under Section 15(a) [15 U.S.C. §77o], (3) rescission of contract (Count III), (4) alter ego liability (Count IV), (5) offering or selling securities in violation of Fla Stat. §§ 517.011, *et seq.*, (Count V), (6) unfair and deceptive trade practices, in violation of Fla. Stat. § 501.201 *et seq.* ("FDUPTA") (Count VI), fraudulent inducement (Count VII), and (8) conversion (Count VIII). (DE 28). Plaintiffs seek monetary damages and equitable relief.

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the allegations in a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing legal sufficiency, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, the complaint "must … contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)). When reviewing a motion to dismiss, a court must construe plaintiff's complaint in the light most favorable to plaintiff and assume the truth of plaintiff's factual allegations. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

Defendant Harrison moves to dismiss the Amended Complaint based on arguments that are largely incoherent, but which seem to focus on misconduct by Plaintiffs' attorneys. The motion also contains references to numerous pages of block quoted language from what appears to be a scholarly publication detailing the history and evolution of cryptocurrencies and their

valuation. Defendant's motion fails to identify any pleading deficiencies. Upon consideration of the Motion and the allegations in the Amended Complaint, and for the reasons already set forth at length in this Court's Order on Final Default Judgment against the co-defendants in this case (DE 44), I find that Plaintiffs' well-pled allegations are sufficient to state claims upon which relief can be granted.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Daniel Harrison's Motion to Dismiss (DE 42) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 27 day of August, 2018.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:

David C. Silver, Esq. and Jason S. Miller, Esq.
  SILVER MILLER, 11780 W. Sample Road, Coral Springs, FL 33065
  *Counsel for Plaintiffs*

MONKEY CAPITAL, LLC
  c/o Harvard Business Services, Inc., 16192 Coastal Highway, Lewes, DE 19958
  E-mail: dmh1980@protonmail.com

MONKEY CAPITAL, INC.
  c/o Daniel Harrison, 9 Temasek Boulevard, Suntec Tower Two - 31st Floor, Singapore 038989
  E-mail: dmh1980@protonmail.com

DANIEL HARRISON
  London, United Kingdom
  E-mail: dmh1980@protonmail.com