# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

### Civil Action No. 9:17-cv-81370-DMM

ANDREW HODGES, an individual;
VLADIMIR COOD, an individual;
GAUTAM DESAI, an individual;
JODY POWELL, an individual;
JEFFREY HEBERLING, an individual;
SHAMMI NABUKUMAR, an individual; and
ANTHONY SAJEWICZ, an individual;

    Plaintiffs,

v.

MONKEY CAPITAL, LLC, a Delaware limited liability company;
MONKEY CAPITAL, INC., a foreign corporation;
and DANIEL HARRISON, an individual;

    Defendants.
_____/

---

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT DANIEL HARRISION'S MOTION TO ORDER IMMEDIATE AND URGENT SUBPOENAS

---

    Respectfully submitted,

    DAVID C. SILVER
    Florida Bar No. 572764
    E-mail: DSilver@SilverMillerLaw.com
    JASON S. MILLER
    Florida Bar No. 072206
    E-mail: JMiller@SilverMillerLaw.com
    **SILVER MILLER**
    11780 W. Sample Road
    Coral Springs, Florida 33065
    Telephone:   (954) 516-6000

    *Counsel for Plaintiffs*

Plaintiffs ANDREW HODGES, VLADIMIR COOD, GAUTAM DESAI, JODY POWELL, SHAMMI NABUKUMAR, and ANTHONY SAJEWICZ ("Plaintiffs"); by and through undersigned counsel and pursuant to Fed.R.Civ.P. 7 and Local Civil Rule 7.1, hereby file this memorandum of law in opposition to the motion filed by Defendant DANIEL HARRISON, an individual ("Defendant HARRISON"), seeking to have the Court issue subpoenas to a number of newspaper reporters, media organizations, and other non-parties who have no apparent material connection to the issues in dispute between the parties to this lawsuit.[1]  As explained in greater detail below, the Motion is insufficient and should be denied.  Defendant HARRISON's request is procedurally and substantively misplaced and appears to be driven by business interests of his that are unrelated to the claims at issue in this matter.

## PROCEDURAL BACKGROUND

1. On March 7, 2018, Plaintiffs filed an Amended Complaint for damages and equitable relief against MONKEY CAPITAL, LLC, a Delaware limited liability company; MONKEY CAPITAL, INC., a foreign corporation; and DANIEL HARRISON, an individual.[2]

2. A Final Judgment Awarding Damages in the total principal sum of $1,169,712.95 has already been entered in this matter in favor of Plaintiffs against Defendants MONKEY CAPITAL, LLC and MONKEY CAPITAL, INC. (the "Monkey Capital Defendants"), relating to Plaintiffs' investments with the defendants.[3]

---

[1] Docket Entry No. ("DE") 60 (the "Motion").

[2] DE 28 (the "Amended Complaint").  Although Plaintiff JEFFREY HEBERLING was identified in the Amended Complaint as a plaintiff, a Suggestion of Death noting his passing was filed with the Court on March 15, 2018.  *See*, DE 29.

[3] DE 50.

3. To the extent a judgment against him is not entered before then[4], a jury trial in this action is currently scheduled to commence on February 19, 2019 against Defendant HARRISON, the one remaining defendant in this action.[5] Defendant HARRISON owns, operates, and controls the Monkey Capital Defendants; and the Court has already ruled that "Daniel Harrison -- on behalf of himself and the Monkey Capital Defendants -- by acts of omission and commission, made false statements to Plaintiffs concerning material facts about their investments in Monkey Capital."[6]

4. On January 23, 2019 -- after having failed and refused to participate in the discovery process in this matter[7] -- Defendant HARRISON filed his Motion, seeking issuance of subpoenas to a number of newspaper reporters, media organizations, and other non-parties with whom Defendant HARRISON apparently has a long-standing feud yet who have no apparent material connection to the issues in dispute between the parties to this lawsuit.

5. No proposed subpoenas are attached to Defendant HARRISON's Motion, and it is entirely unclear precisely who many of the non-parties listed in the Motion are and what documents and information Defendant HARRISON intends to request from them.

6. Defendant HARRISON's attempt to use the power of this Court to settle old grudges of his is an unwarranted expenditure of judicial resources; and his Motion should therefore be denied.

## LEGAL ARGUMENT

Federal Rule of Civil Procedure 45, which provides the form and requirements of a non-party subpoena to be utilized in a federal court proceeding, sets forth the following in pertinent part:

> If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom

---

[4] *See*, DE 54, 62.

[5] DE 25.

[6] *See*, DE 44 at pg. 17.

[7] *See*, DE 53, 61.

> it is directed, a notice **and a copy of the subpoena** must be served on each party.[8]

(emphasis added).  Defendant HARRISON has not provided a copy of any of the subpoenas he proposes to serve upon the thirty-one (31) non-parties he has listed in his Motion.  On that procedural ground alone, his Motion should be denied.

Moreover, Defendant HARRISON has not demonstrated with any detail that the identified non-party witnesses have any knowledge of the facts relevant to the resolution of this dispute.  Rather, Defendant HARRISON bases his Motion on the unfounded speculation that this lawsuit "is being brought about by a subversive agenda and not in the interests of the Plaintiffs winning material rewards but to somehow stimulate a further . . . investigation" of business interests of Defendant HARRISON's that are completely unrelated to the instant dispute.[9]  Defendant HARRISON's apparent long-running feud with certain journalists and media outlets are not the proper basis for this Court to issue subpoenas to investigate why those journalists are again reporting on Defendant HARRISON's fraudulent business activities.  "Absent a particularized showing that the witnesses have knowledge and information relevant to the claims and defenses remaining in . . . the litigation, [Defendant HARRISON's] request for . . . subpoenas to the persons listed" should be denied.[10]

Far-reaching and unfounded conspiracy theories about the relationship between a British journalist and the corporate liquidator in a British legal proceeding not involving any of the parties before this Court, reliance on a speech purportedly delivered on some unknown date by a member of British Parliament, and ambiguously listing a host of other unidentified and unexplained characters do not provide a valid foundation for the relief Defendant HARRISON seeks in his Motion.  Because

---

[8] *See*, Fed.R.Civ.P. 45(a)(4).

[9] Motion at ¶ 6.

[10] *Wachovia Bank v. Tien*, 2014 WL 11380942, at *2 (S.D. Fla. Oct. 31, 2014).

Defendant HARRISON has not presented any cogent legal or factual basis demonstrating justification for the relief he seeks, the Motion is inadequate and should be denied.

## CONCLUSION

For all of the reasons stated above, Plaintiffs ANDREW HODGES, VLADIMIR COOD, GAUTAM DESAI, JODY POWELL, SHAMMI NABUKUMAR, and ANTHONY SAJEWICZ respectfully request that the Court:

(a) deny the Motion filed by Defendant DANIEL HARRISON, and

(b) enter such other relief as the Court deems just and proper.

Respectfully submitted,

**SILVER MILLER**
11780 W. Sample Road
Coral Springs, Florida 33065
Telephone:     (954) 516-6000

By:     /s/ David C. Silver
DAVID C. SILVER
Florida Bar No. 572764
E-mail:  DSilver@SilverMillerLaw.com
JASON S. MILLER
Florida Bar No. 072206
E-mail: JMiller@SilverMillerLaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was electronically filed with the Clerk of Court on this   6th   day of February 2019 by using the CM/ECF system and that a true and correct copy will be served via electronic mail to: **DANIEL HARRISON**, *Pro Se Defendant*, The Sloane Club, Lower Sloane Street, Chelsea, London, England, SW1W 8BS, E-mail: dmh1980@protonmail.com.

      /s/ David C. Silver
DAVID C. SILVER